# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SABRINA ANETTE LEARSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL, )<br>Acting Commissioner of Social )<br>Security, )<br>)<br>Defendant. ) | 1:18CV348 |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Sabrina Anette Learson, brought this action pro se pursuant to the Social Security Act (the "Act") to obtain judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Act. (See Docket Entry 2.) The Commissioner filed a "Motion to Dismiss Plaintiff's Complaint" and a Brief in support (Docket Entries 9, 10), alleging that "Plaintiff did not timely commence this civil action" (Docket Entry 10 at 2). The Clerk of Court sent Plaintiff a notice under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), of her right to respond to the Commissioner's Motion to Dismiss (Docket Entry 11), but Plaintiff did not file a response (see Docket Entries dated July 3, 2018, to present). For the reasons that follow, the Court should grant the Commissioner's Motion to Dismiss Plaintiff's Complaint.

## I. BACKGROUND

Plaintiff applied for DIB, alleging a disability onset date of June 12, 2014. (Docket Entry 10-1 at 7.) Upon denial of those applications initially and on reconsideration, Plaintiff filed a request for a hearing de novo before an administrative law judge ("ALJ"). (Id.) At the hearing, which Plaintiff, her non-attorney representative Christina Carrano, and a vocational expert attended, Plaintiff amended her onset date to June 13, 2013. (Id.) The ALJ subsequently issued a decision finding Plaintiff did not qualify as disabled under the Act from her amended onset date of June 13, 2013, through the date she last remained insured for DIB, June 30, 2015. (Id. at 4-20.)

Plaintiff requested review of the ALJ's decision with the Appeals Council and, on June 1, 2017, the Appeals Council issued a Notice of Proposed Action, informing Plaintiff that it had granted Plaintiff's request for review. (See id. at 24.) In that notice, the Appeals Council advised Plaintiff that it "proposed to issue a decision finding that [Plaintiff] [wa]s not entitled to benefits under the [] Act," and "that it would consider a statement about the facts and the law . . ., or additional evidence if the additional evidence met the standard in the notice." (Id.) Plaintiff and her non-attorney representative Christina Carrano

sent in statements (id. at 29), and the Appeals Council considered them (see id. at 24).[1]

On August 4, 2017, the Appeals Council issued a Notice of Appeals Council Decision Unfavorable (id. at 21-30), which advised Plaintiff that "[t]he enclosed decision [wa]s the final decision of the Commissioner . . . in your case" (id. at 21).[2] The Appeals Council mailed copies of its notice and decision to Plaintiff at her residence in Fayetteville, North Carolina (id.), and to Plaintiff's non-attorney representative Christina Carrano (id. at 30). The notice explicitly informed Plaintiff of her right to "ask for court review" of the Appeals Council's decision "by filing a complaint in the United States District Court for the judicial district in which [she] live[d]" (id.) within 60 days from the date she received the notice and decision (id. at 22). The notice further stated:

---

[1] Although Plaintiff sent in additional evidence, the Appeals Council found a portion of that evidence "not relevant to a claim for disability" (Docket Entry 10-1 at 24), and that the remainder of that evidence "d[id] not show a reasonable probability that it would change the outcome of the decision" (id. at 24-25). As a result, the Appeals Council "did not consider and exhibit th[at] evidence." (Id. at 24, 25.)

[2] The enclosed unfavorable decision amended the ALJ's "Finding 1 to reflect [Plaintiff's] correct date last insured [of September 30, 2015]," and updated the Listing 12.04 and Listing 12.06 paragraph B criteria findings made in the hearing decision" to comply with regulatory changes that went into effect on January 17, 2017, after the ALJ's decision, see Revised Medical Criteria for Evaluating Mental Disorders, 81 Fed. Reg. 66137 (Sept. 26, 2016). (Docket Entry 10-1 at 26.) However, the Appeals Council's decision otherwise adopted the remainder of the ALJ's findings, including the ALJ's ultimate determination that Plaintiff did not qualify as disabled under the Act during the period of adjudication. (Id. at 25-27.)

3

> The 60 days start the day after you receive this letter.
> We assume you received this letter 5 days after the date
> on it unless you show us that you did not receive it
> within the 5-day period.
>
> If you cannot file for court review within 60 days, you
> may ask the Appeals Council to extend your time to file.
> You must have a good reason for waiting more than 60 days
> to ask for court review. You must make the request in
> writing and give your reason(s) in the request.

(Id.)

On October 4, 2017, Charles E. Binder (an attorney at the same firm as Plaintiff's non-attorney representative Christina Carrano, see www.binderandbinder.com/existing_clients_before.html (last visited Sept. 27, 2018) (reflecting same mailing address as Plaintiff's non-attorney representative Christina Carrano)) faxed a request to the Appeals Council for a 60-day extension of time for Plaintiff to file an action for judicial review, premised upon the attorney's inability, "despite [his] diligent attempts by telephone and regular mail, . . . to reach [Plaintiff] to discuss the option of appealing [her] claim in federal court." (Docket Entry 10-1 at 31.) On December 6, 2017, the Appeals Council issued a letter addressed to Plaintiff's non-attorney representative Christina Carrano with a copy to Plaintiff at a street address in Laurinburg, North Carolina, extending the time for Plaintiff to file a civil action for 30 days from the date Plaintiff received a copy of the letter. The letter further informed Plaintiff that the Appeals Council would "assume [she] received th[e] letter 5 days after the date on it unless [she] show[ed] [the Appeals Council] that [she]

4

did not receive it within the 5-day period." (Id.) The Commissioner maintains that neither Plaintiff nor a representative acting on her behalf filed any subsequent motions for extension of the time to file a civil action in this case (see Docket Entry 10 at 2; see also Docket Entry 10-1 (Decl. of Janay Podraza) at 2-3) and, thus, that Plaintiff's deadline to file a civil action fell on January 10, 2018 (see Docket Entry 10 at 2).

Plaintiff, proceeding pro se, filed her Complaint in this Court on April 27, 2018. (See Docket Entry 2 at 1.) Plaintiff failed to answer the question on the form complaint asking her the date on which she "receive[d] notice that the Commissioner's decision was final," which "[wa]s likely the date on which [she] received notice from the . . . Appeals Council that [her] appeal was denied." (Id. at 3 (italics omitted).)

## II. DISCUSSION

### A. Relevant Standard

The Commissioner's Motion to Dismiss contends that the Court should dismiss Plaintiff's Complaint as untimely because she filed her Complaint more than 30 days after receiving the Appeals Council's letter dated December 6, 2017, granting Plaintiff a 30-day extension of time to file a civil action. (Docket Entry 10 at 2.) Although the Commissioner does not cite to an applicable Federal Rule of Civil Procedure under which she pursues dismissal (see Docket Entries 9, 10), "[a] motion to dismiss a complaint as

5

untimely is generally brought under Rule 12(b)(6)," Derosa v. Colvin, No. 5:14-CV-414, 2014 WL 5662771, at *1 (E.D.N.C. Nov. 4, 2014) (unpublished) (citing Moseke v. Miller & Smith, Inc., 202 F. Supp. 2d 492, 496 n.5 (E.D. Va. 2002)).

Here, however, the Commissioner has submitted (and relied on) the Declaration of Janay Podraza (Docket Entry 10-1), which contains both information and several exhibited documents neither referenced in nor appended to the Complaint (compare Docket Entry 2, with Docket Entry 10-1 at 2-3, 21-23, 31, 32).[3] Accordingly, the Commissioner's Motion to Dismiss should be converted into a motion for summary judgment. See Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment."); see also Derosa, 2014 WL 5662771, at *2 (converting motion to dismiss into motion for summary judgment where Commissioner attached affidavit from SSA official and, in response, the plaintiff submitted affidavit).

When converting a motion to dismiss into a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the [converted] motion." Id. "[T]he term 'reasonable opportunity' requires that all parties be given some indication by the court that it is

---

[3] As the Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations of the Social Security Administration (Docket Entry 10-1 at 1), Podraza processes claims under Title II of the Act when claimants file civil actions in North Carolina (id. at 2).

6

treating the 12(b)(6) motion as a motion for summary judgment, with the consequent right in the opposing party to file counter affidavits or pursue reasonable discovery." Gay v. Wall, 761 F.2d 175, 177 (4th Cir. 1985) (alteration and internal quotation marks omitted).

In this case, after the Commissioner submitted evidence in support of the Motion to Dismiss "outside the pleadings, putting [P]laintiff on notice of possible conversion," Lake v. Astrue, Civ. Action No. 6:11-2107, 2012 WL 3135385, at *2 n.1 (D.S.C. Aug. 1, 2012) (unpublished) (citing Fornshill v. Ruddy, No. 95-2490, 89 F.3d 828 (table), 1996 WL 333223, at *2 (4th Cir. June 11, 1996) (unpublished)), the Clerk of Court sent Plaintiff a Roseboro notice, advising her as follows:

> The defendant has filed a Motion to Dismiss on [July 3, 2018] which may or may not be supported by affidavits.
>
> You have the right to file a 20-page response in opposition to the defendant's motion. <u>Your failure to respond, or, if appropriate, to file affidavits or evidence in rebuttal within the allowed time may cause the court to conclude that the defendant's contentions are undisputed and/or that you no longer wish to pursue the matter</u>. Therefore, unless you file a response in opposition to the defendant's motion, <u>it is likely your case will be dismissed or summary judgment granted in favor of the defendant</u>.

(Docket Entry 11 (emphasis added).) The undersigned United States Magistrate Judge therefore "concludes that [P]laintiff has been afforded a 'reasonable opportunity' to present materials relevant to her [R]esponse," and will convert the Commissioner's Motion to

Dismiss (Docket Entry 9) into a motion for summary judgment. Derosa, 2014 WL 5662771, at *2; see also Herbert v. Saffell, 877 F.2d 267, 270 (4th Cir. 1989) (treating district court's holding as grant of summary judgment, where "[t]he [plaintiffs] had ample opportunity to bring forth evidence to show that genuine issues of material fact remained").

**B. Rule 56 Requirements**

In analyzing a summary judgment motion, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The movant bears the burden of establishing the absence of a genuine dispute of material fact, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), and "any factual assertion in the movant's affidavits will be accepted . . . as being true unless the plaintiff submits h[er] own affidavits or other documentary evidence contradicting the assertion," Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992) (internal quotation marks omitted).

"While the Court will view the facts and inferences drawn in the light most favorable to the nonmoving party, the party opposing the motion for summary judgment must put forth specific facts

showing a genuine issue for trial." Dunn v. Aclairo Pharm. Dev. Grp., 401(k) Plan, No. 1:15-CV-975, 2016 WL 592787, at *2 (E.D. Va. Feb. 10, 2016) (unpublished) (citing Anderson, 477 U.S. at 248). In that regard, the nonmoving party cannot rest on conclusory allegations or denials, and "[t]he mere existence of a scintilla of evidence" will not defeat a summary judgment motion. Anderson, 477 U.S. at 252, 256.

## C. Time for Appeal of the Commissioner's Final Decision

The Act provides that a claimant "may obtain [judicial] review of [the Commissioner's final] decision by a civil action commenced within sixty days after the mailing to [the claimant] of notice of such decision or within such further time as the Commissioner . . . may allow." 42 U.S.C. § 405(g).[4] In turn, the Commissioner has clarified that the statute of limitations begins to run upon Plaintiff's receipt of the notice (here, the Appeals Council's letter dated December 6, 2017, granting Plaintiff a 30-day extension of Section 405(g)'s statute of limitations to file a civil action), rather than upon its mailing. See 20 C.F.R. § 422.210(c). Moreover, the regulations presume that Plaintiff received the Appeals Council's letter five days after mailing, absent a "reasonable showing to the contrary." Id. If Plaintiff makes a "reasonable showing" that she did not receive the Appeals

---

[4] Because the time limit constitutes "a condition on the waiver of sovereign immunity," it "must be strictly construed." Bowen v. City of New York, 476 U.S. 467, 479 (1986).

9

Council's letter within the five-day presumptive period, "the burden shifts to the Commissioner to show that Plaintiff received actual notice" of the Appeals Council's letter more than 30 days prior to filing her Complaint in this Court. McMahan v. Barnhart, 377 F. Supp. 2d 534, 535 (W.D. Va. 2005) (citing Matsibekker v. Heckler, 738 F.2d 79, 81 (2d Cir. 1984)).

Through Podraza's declaration, the Commissioner presented sufficient evidence to establish that Plaintiff received the Appeals Council's letter dated December 6, 2017, granting Plaintiff a 30-day extension of time to file a civil action, on or before December 11, 2017, and that Plaintiff did not file a second request to extend the deadline. (See Docket Entry 10-1 (Decl. of Janay Podraza) at 2-3.) As such, that evidence establishes that January 10, 2018, constituted Plaintiff's deadline for filing her Complaint. However, Plaintiff filed her Complaint on April 27, 2018 (Docket Entry 2 at 1), 107 days after the January 10, 2018 deadline, and has made no reasonable showing that she received the Appeals Council's letter later than December 11, 2017 (see Docket Entry 2; see also Docket Entries dated July 3, 2018, to present). Accordingly, no genuine issue of material fact exists as to the untimeliness of Plaintiff's action.

Further, although the Court may still excuse a tardy filing through equitable tolling, see Bowen, 476 U.S. at 478-81 (holding that "the 60-day requirement is not jurisdictional" and subject to

equitable tolling in "rare" cases), Plaintiff has not brought forth any evidence that she exercised reasonable diligence in filing her belated Complaint, or that extraordinary circumstances beyond her control prevented a timely filing, as required to secure equitable tolling, see Holland v. Florida, 560 U.S. 631, 649 (2010). (See Docket Entry 2; see also Docket Entries dated July 3, 2018, to present.)

Nevertheless, Plaintiff may still seek a second extension of time to file a civil action from the Commissioner. See 20 C.F.R. § 404.982 (providing that, "[a]ny party to the Appeals Council's decision . . . may request that the time for filing an action in a [f]ederal district court be extended," and requiring that the request "be in writing[,] . . . give the reasons why the action was not filed within the stated time period," and "filed with the Appeals Council"); 20 C.F.R. § 404.911 (describing the circumstances that may provide "good cause" for untimely filing). Should Plaintiff make such request, and the Commissioner find that good cause exists to extend the filing deadline a second time, Plaintiff may file a new action seeking review of the Commissioner's final decision. See Williams, 2010 WL 2132278, at *3 n.5 (dismissing claim without prejudice where the plaintiff failed to first request from the Appeals Council that the Commissioner waive the 60-day statute of limitations, and allowing

the plaintiff to re-file her complaint if the Commissioner found good cause to extend the limitation period in her case).

### III. CONCLUSION

No genuine issue of material fact exists as to the untimeliness of Plaintiff's Complaint, the absence of circumstances that would warrant equitable tolling, and her failure to request a second "good cause" extension of the statute of limitations from the Commissioner.

**IT IS THEREFORE RECOMMENDED** that the Commissioner's Motion to Dismiss Plaintiff's Complaint (Docket Entry 9), converted by actions of the parties to a motion for summary judgment, be **GRANTED,** and that this action be dismissed without prejudice to Plaintiff's right to file a new action if she receives a second extension of the statute of limitations from the Commissioner.

                              /s/ L. Patrick Auld
                                **L. Patrick Auld**
                       **United States Magistrate Judge**

October 1, 2018